**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

---

**MAMADOU DIALLO, A#072-165-710**

        Petitioner,

        v.                                      09-CV-1104(Sr)

**ICE (IMMIGRATION AND CUSTOMS ENFORCEMENT), et al.,**

        Respondent.

---

## DECISION AND ORDER

Petitioner, who has filed a *pro se* petition for writ of *habeas corpus* pursuant to 28 U.S.C. § 2241 and has been granted *in forma pauperis* status, has applied to the Court for appointment of counsel. Dkt. #5. In support of his motion, petitioner reiterates his claim that the Department of Homeland Security, Bureau of Immigration and Custom Enforcement ("ICE"), improperly commenced removal proceedings, in violation of his due process rights pursuant to the Fifth Amendment to the United States Constitution, while petitioner was litigating the propriety of his criminal conviction. Dkt. #5.

It is clear that prisoners have no constitutional right to counsel when bringing collateral attacks upon their convictions. *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987); *Murray v. Giarratano*, 492 U.S. 1 (1989). However, under 18 U.S.C. § 3006A(a)(2)(B), the Court may appoint counsel in the interests of justice to any

person seeking relief pursuant to 18 U.S.C. § 2241, who is financially unable to obtain representation. In determining whether counsel should be appointed for a *habeas* petitioner, the Court considers the same factors applicable pursuant to 28 U.S.C. § 1915(e):

i. Whether the indigent's claims seem likely to be of substance;

ii. Whether the indigent is able to investigate the crucial facts concerning his claim;

iii. Whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder;

iv. Whether the legal issues involved are complex; and

v. Whether there are any special reasons why appointment of counsel would be more likely to lead to a just determination.

*Hendricks v. Coughlin*, 114 F.3d 390, 392 (2d Cir. 1997); *see also Hodge v. Police Officers*, 802 F.2d 58 (2d Cir. 1986).

The Court must consider the issue of appointment carefully, of course, because "every assignment of a volunteer lawyer to an undeserving client deprives society of a volunteer lawyer available for a deserving cause." *Cooper v. A. Sargenti Co. Inc.*, 877 F.2d 170, 172 (2d Cir. 1989). Therefore, the Court must first look to the "likelihood of merit" of the underlying dispute, *Hendricks*, 114 F.3d at 392; *Cooper*, 877 F.2d at 174, and "even though a claim may not be characterized as frivolous, counsel should not be appointed in a case where the merits of the . . . claim are thin and his chances of prevailing are therefore poor." *Carmona v. U.S. Bureau of Prisons*, 243 F.3d 629, 632 (2d Cir. 2001) (denying counsel on appeal where petitioner's appeal was not frivolous but nevertheless appeared to have little merit).

Petitioner has not provided the Court with any information to suggest that the interests of justice require the appointment of counsel at this time. Petitioner has clearly articulated his claims to the Court; his claims are not legally complex; and it is apparent that his claims can be addressed and reviewed solely by means of the record currently before the Court. Accordingly, petitioner's motion for appointment of counsel is denied.

**SO ORDERED.**

Dated: Buffalo, New York
May 5, 2010

    s/ H. Kenneth Schroeder, Jr.
**H. KENNETH SCHROEDER, JR.**
**United States Magistrate Judge**