UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

**MAMADOU DIALLO, A#072-165-710**

        Petitioner,

        v.                              09-CV-1104(Sr)

**ICE (IMMIGRATION AND CUSTOMS ENFORCEMENT),**

        Respondent.

---

## REPORT, RECOMMENDATION AND ORDER

This matter was referred to the undersigned by the Hon. Richard J. Arcara, in accordance with 28 U.S.C. § 636(b), for all pretrial matters and to hear and report upon dispositive motions. Dkt. #12

Plaintiff commenced this action *pro se*, pursuant to 28 U.S.C. § 2241, challenging his detention by the Department of Homeland Security, Bureau of Immigration and Custom Enforcement ("ICE"), since October 8, 2005. Dkt. #1. Specifically, petitioner complains that ICE acted prematurely by commencing removal proceedings before his appeal of state criminal proceedings was concluded. Dkt. #1.

For the following reasons, it is recommended that the petition be denied.

## BACKGROUND

Petitioner is a native of Guinea and citizen of Togo who was admitted to the United States on August 27, 1993 as a nonimmigrant visitor with authorization to

remain in the United States for a temporary period not to exceed six months. Dkt. #10-2, ¶ 5. On January 9, 2002, petitioner was convicted in the Circuit Court for Prince George's County, Maryland of first degree assault, second degree assault, false imprisonment, and reckless endangerment and sentenced to a principal term of imprisonment of 10 years. Dkt. #10-2, ¶ 6.

Petitioner was served with a Notice of Intent to Issue a Final Administrative Order on December 13, 2004. Dkt. #10-3, p.3. Petitioner was released from the custody of the Maryland Department of Correctional Services on October 13, 2005 and transferred into the custody of ICE. Dkt. #10-2, ¶ 8. By final Administrative Removal Order entered November 18, 2005, petitioner was ordered removed from the United States because he had not been admitted for permanent residence and because he had been convicted of an aggravated felony. Dkt. #10-3, p.2.

Petitioner made a number of conflicting statements with respect to his date and place of birth and the identity of his parents, thereby complicating efforts to obtain a travel document for his removal. Dkt. #10-2, ¶ 10. On November 30, 2005, Respondent served petitioner with a Warning for Failure to Depart and provided him a list of actions he was required to take in order to assist ICE in obtaining a travel document for his removal. Dkt. #10-2, ¶ 11.

On December 30, 2005, petitioner filed a petition for writ of *habeas corpus* with the District Court for the District of Maryland. Dkt. #10-2, ¶ 13. By Order entered January 10, 2006, the district court transferred the petition to the Court of Appeals for the Fourth Circuit and stayed petitioner's deportation pending resolution of the petition. Dkt. #10-2, ¶ 14.

Respondent requested a travel document from the Republic of Togo on January 17, 2006. Dkt. #10-2, ¶ 15.

On February 10, 2006, Respondent served petitioner with a Warning for Failure to Depart and provided him a list of actions he was required to take in order to assist Respondent in obtaining a travel document for his removal. Dkt. #10-2, ¶ 16.

Respondent reviewed petitioner's custody status and issued a Notice to Continue Detention dated March 22, 2006. Dkt. #10-2, ¶ 17.

The Court of Appeals for the Fourth Circuit issued its mandate dismissing the petition for writ of *habeas corpus* on July 10, 2006. Dkt. #10-2, ¶ 18.

Respondent reviewed petitioner's custody status and issued a Notice to Continue Detention dated July 20, 2006. Dkt. #10-2, ¶ 19.

Respondent requested a travel document from Haiti on September 27, 2006. Dkt. #10-2, ¶ 20.

On October 3, 2006, Respondent served petitioner with a Warning for Failure to Depart and provided him a list of actions he was required to take in order to assist Respondent in obtaining a travel document for his removal. Dkt. #10-2, ¶ 23.

Respondent reviewed petitioner's custody status and issued a Notice to Continue Detention, dated October 4, 2006. Dkt. #10-2, ¶ 22.

By letter dated October 5, 2006, the Embassy of Haiti informed ICE that it could not issue a travel document for petitioner as it could not establish that petitioner is a citizen of Haiti. Dkt. #10-4, p.37.

On November 27, 2006, petitioner filed a petition for writ of *habeas corpus* in the Southern District of Alabama. Dkt. #10-2, ¶ 25.

On January 10, 2007, Respondent served petitioner with a Warning for Failure to Depart and provided him a list of actions he was required to take in order to assist Respondent in obtaining a travel document for his removal. Dkt. #10-2, ¶ 27.

Petitioner's request to withdraw the petition for writ of *habeas corpus* in the Southern District of Alabama was granted on January 25, 2007. Dkt. #10-2, ¶ 25.

On February 8, 2007, petitioner filed a petition for writ of *habeas corpus* with the District Court for the District Court of Maryland. Dkt. #10-2, ¶ 28. The petition was denied by Order dated June 29, 2007. Dkt. #10-2, ¶ 28. Petitioner appealed the denial of his petition for writ of *habeas corpus* to the Court of Appeals for the Fourth Circuit on July 11, 2007. Dkt. #10-2, ¶ 29.

On October 15, 2007, Respondent served petitioner with a Warning for Failure to Depart and provided him a list of actions he was required to take in order to assist Respondent in obtaining a travel document for his removal. Dkt. #10-2, ¶ 30.

Respondent reviewed petitioner's custody status and issued a Notice to Continue Detention, dated October 19, 2007. Dkt. #10-2, ¶ 31.

Petitioner filed a petition for review with the Court of Appeals for the Fourth Circuit on January 4, 2008. Dkt. #10-2, ¶ 33.

On January 30, 2008, Respondent requested a travel document from the Republic of Guinea and repeated its request for a travel document from Togo. Dkt. #10-2, ¶ ¶ 34-35.

The District Court for the District Court of Maryland's issued a mandate dismissing petitioner's appeal of the denial of his petition for writ of *habeas corpus* on March 3, 2008. Dkt. #10-2, ¶ 32.

Respondent reviewed petitioner's custody status and issued a Notice to Continue Detention dated April 16, 2008. Dkt. #10-2, ¶ 36.

By letter dated April 17, 2008, the Embassy of Togo informed ICE that it could not issue a travel document for petitioner as it could not establish that petitioner is a citizen of Togo. Dkt. #10-2, ¶ 37 & Dkt. #10-4, p.43.

The Court of Appeals for the Fourth Circuit denied the petition for review on September 26, 2008. Dkt. #10-2, ¶ 33.

Guinea issued a travel document for petitioner on October 22, 2008. Dkt. #10-4, p.32.

Petitioner filed a petition for rehearing with the Court of Appeals for the Fourth Circuit on November 7, 2008. Dkt. #10-2, ¶ 39.

On November 26, 2008, petitioner refused to be removed to Guinea and was served with another Warning for Failure to Depart. Dkt. #10-2, ¶¶ 40-41; Dkt. #10-3, pp. 5 & 60.

The Court of Appeals for the Fourth Circuit issued its mandate dismissing the petition for rehearing on December 10, 2008. Dkt. #10-2, ¶ 39.

On February 9, 2009, petitioner filed a petition for writ of *habeas corpus* with the District Court for the District of Maryland. Dkt. #10-2, ¶ 42. The petition was dismissed by Order dated February 26, 2009. Dkt. #10-2, ¶ 42.

In March of 2009, DHS granted petitioner an opportunity to make a claim for asylum, but the claim was deemed abandoned because petitioner refused to be interviewed by DHS. Dkt #10-2, ¶ 43.

Petitioner appealed the dismissal of his petition for writ of *habeas corpus* to the Court of Appeals for the Fourth Circuit on April 3, 2009. Dkt. #10-2, ¶ 44.

Petitioner was transferred to the Buffalo Federal Detention Facility in Batavia, New York on May 13, 2009.

On May 19, 2009, Respondent served petitioner with a Warning for Failure to Depart. Dkt. #10-2, ¶ 45.

Respondent reviewed petitioner's custody status and issued a Notice to Continue Detention dated July 6, 2009. Dkt. #10-2, ¶ 46.

On August 3, 2009, Respondent served petitioner with a Warning for Failure to Depart. Dkt. #10-2, ¶ 49.

On August 4, 2009, petitioner was transported to the Buffalo Airport for removal to Guinea, but "became resistant and refused to proceed through the security checkpoint." Dkt. #10-3, p.48. As a result, petitioner was returned to the Buffalo Federal Detention Center. Dkt. #10-3, p.48.

The Court of Appeals for the Fourth Circuit issued a mandate dismissing the appeal of the dismissal of the petition for writ of *habeas corpus* on October 13, 2009. Dkt. #10-2, ¶ 48.

Petitioner was served with additional Warnings for Failure to Depart on August 28, 2009; September 21, 2009; October 23, 2009; November 20, 2009; December 17, 2009; January 15, 2010; and February 12, 2010. Dkt. #10-2, ¶ 49; Dkt. #10-3, pp.19-47. Petitioner was served with additional Notices of Failure to Comply Pursuant to 8 CFR 241.4(g) on August 10, 2009; November 6, 2009; and February 5, 2010. Dkt. #10-3, pp.5-17.

The travel document to Guinea remains valid and can be used to effectuate petitioner's removal to Guinea as soon as petitioner is willing to cooperate. Dkt. #10-2, ¶ 52.

## DISCUSSION AND ANALYSIS

### Jurisdiction

As an initial matter, the Court notes that it lacks jurisdiction over any claim petitioner may attempt to raise regarding the lawfulness of the removal order. Such a claim was required to be brought before the Court of Appeals for the judicial circuit in which the removal order was issued within 30 days of the final order of removal. 8 U.S.C. § 1252 (b) (5) ("a petition for review filed with an appropriate court of appeals . . . shall be the sole and exclusive means for judicial review of an order of removal . . . ."); *see Marquez-Almanzar v. I.N.S.,* 418 F.3d 210, 215 (2d Cir. 2005) (the REAL ID Act of 2005 "unequivocally eliminates habeas corpus review of orders of removal" regardless of whether the final administrative order was issued before, on, or after, the date of enactment.). Thus, this Court has no jurisdiction over petitioner's request "to review the lawfulness of his deportation to Guinea, while he has a pending case in the criminal court," which "has not yet been concluded in its entirety," because petitioner "had not yet exhausted all of the administrative remedies available to him in the state court." Dkt. #1, p.2. Instead, the only issue properly before this Court is the propriety of petitioner's continued detention pending his removal pursuant to that order. *See* 28 U.S.C. § 2241(c)(3) (The writ of habeas corpus shall not extend to a prisoner unless he is in custody in violation of the Constitution or laws or treaties of the United States).

### Detention Pending Removal

Petitioner claims that the Due Process Clause of the Fifth Amendment requires that he be afforded an opportunity to be heard on the question of conditional release pending judicial review of the removal decree and argues that "[n]o reasonable circumstances exist to justify petitioner's continued detention in this illegal process and unlawful incarceration." Dkt. #1, p.4.

8 U.S.C. § 1231(a)(1)(A) provides that the Attorney General shall remove an alien from the United States within a removal period of 90 days from the date the order of removal becomes administratively final or, if the removal order is judicially reviewed and the court orders a stay of removal, the date of the court's final order. The statute further provides that during the removal period, the Attorney General shall detain the alien. 8 U.S.C. § 1231(a)(2). Furthermore, "[t]he removal period shall be extended beyond a period of 90 days and the alien may remain in detention during such extended period if the alien fails or refuses to make timely application in good faith for travel or other documents necessary to the alien's departure or conspires or acts to prevent the alien's removal subject to an order of removal." 8 U.S.C. § 1231(a)(1)(C).

In *Zadvydas v. Davis*, the United States Supreme Court considered a due process challenge to the mandatory detention provision of 8 U.S.C. § 1231(a)(6), but upheld the statute so long as the detention was limited to "a period reasonably necessary to bring about that alien's removal from the United States." 533 U.S. at 689. The Supreme Court recognized six months as a presumptively reasonable period of detention pursuant to this statute, but recognized that

> This 6-month presumption, of course, does not mean that every alien not removed must be released after six months. To the contrary, an alien may be held in confinement until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future.

*Id.* at 701.

In the instant case, petitioner would not be in confinement had he cooperated with Respondent's attempt to effectuate his removal on November 26, 2008 – one month after the issuance of the travel document to Guinea– or again on August 4, 2009. Dkt. #10-2, ¶ 41 & Dkt. #10-3, p.48. Petitioner's travel document remains

valid and the only reason he continues to remain in detention is because he refuses to leave the country. Dkt. #10-2, ¶¶ 52-53. As a result, it is recommended that the petition be dismissed. *See Pelich v. I.N.S.*, 329 F.3d 1057, 1060 (9th Cir. 2003) ( "risk of indefinite detention that motivated the Supreme Court's statutory interpretation in *Zadvydas* does not exist when an alien is the cause of his own detention."); *Agbanyo v. Cabral*, 518 F. Supp.2d 326, 328 (D. Mass. 2007) ("Because the uncontroverted record evidence demonstrates that the petitioner has not only failed to cooperate, but has actively obstructed efforts to remove him, his petition must be dismissed.").

## CONCLUSION

Based on the foregoing, it is recommended that the petition be **DENIED**.

Accordingly, pursuant to 28 U.S.C. § 636(b)(1), it is hereby

ORDERED, that this Report, Recommendation and Order be filed with the Clerk of the Court.

ANY OBJECTIONS to this Report, Recommendation and Order must be filed with the Clerk of this Court within fourteen (14) days after receipt of a copy of this Report, Recommendation and Order in accordance with the above statute, Fed.R.Civ.P. 72(b) and Local Rule 72.3(a)(3).

The district judge will ordinarily refuse to consider *de novo* arguments, case law and/or evidentiary material which could have been, but was not presented to the magistrate judge in the first instance. *See, e.g., Patterson-Leitch Co. v. Massachusetts Mun. Wholesale Electric Co.*, 840 F.2d 985 (1st Cir. 1988).

<u>Failure to file objections within the specified time or to request an extension of such time waives the right to appeal the District Court's Order</u>. *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed.2d 435 (1985); *Wesolek v. Canadair Ltd.*, 838 F.2d 55 (2d Cir. 1988).

The parties are reminded that, pursuant to Rule 72.3(a)(3) of the Local Rules for the Western District of New York, "written objections shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for such objection and shall be supported by legal authority." <u>Failure to comply with the provisions of Rule 72.3(a)(3), or with the similar provisions of Rule 72.3(a)(2) (concerning objections to a Magistrate Judge's Report, Recommendation and Order), may result in the District Judge's refusal to consider the objection.</u>

The Clerk is hereby directed to send a copy of this Report, Recommendation and Order to petitioner and to counsel for the Respondent.

**SO ORDERED.**

Dated:   Buffalo, New York
         May 5, 2010

                                                   <u>s/ H. Kenneth Schroeder, Jr.</u>
                                                   **H. KENNETH SCHROEDER, JR.**
                                                   **United States Magistrate Judge**